PEOPLE ex rel. WHITMAN, Dist. Atty., v. WOODWARD, Justice of Supreme Court, et al.

(Supreme Court, Appellate Division, First Department.    April 4, 1912.)

PROHIBITION (§ 16*)—JURISDICTION—"TERM OF THE APPELLATE DIVISION"—"IN SESSION."

An alternative writ of prohibition was issued March 29, 1912, by the Appellate Division for the First Department on application to enjoin a special proceeding pending in the Second Department, on which day the Appellate Division for that department, before adjournment of the March term, but in recess, handed down decisions, and on which day its judges were in attendance at the courthouse and ready to assemble as a court to attend to any business presented. Code Civ. Proc. § 2093, provides that a writ of prohibition issued by an Appellate Division can be granted only at a "term of the Appellate Division" of the judicial department embracing the county wherein the special proceeding is brought, in which the matter to be prohibited originated, unless a term of the Appellate Division of said department is not "in session," when it may be granted by the Appellate Division in an adjoining judicial department. *Held,* that the Appellate Division for the Second Department was "in session" when the alternative writ was issued, and that the Appellate Division of the First Department was without jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 64, 65; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 4, p. 3484.]

Laughlin, J., dissenting in part.

Application by Charles S. Whitman, District Attorney for the County of New York, for an absolute writ of prohibition to restrain further hearing upon a writ of habeas corpus issued in the County of Kings and returnable in that county, to inquire into the cause of the restraint of Charles H. Hyde, imprisoned and restrained of his liberty in the county jail of the County of New York on an indictment for a felony. Writ dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Robert S. Johnstone, for relator.
Frederic R. Coudert, for defendant Woodward.
Max D. Steuer, for defendant Hyde.

PER CURIAM. This is an application for an absolute writ of prohibition to restrain Mr. Justice Woodward, a Justice of the Supreme Court, from proceeding further with the hearing upon a writ of habeas corpus issued by him in the county of Kings, and made returnable in said county, to inquire into the cause of the restraint of Charles H. Hyde, imprisoned and restrained of his liberty in the county jail of the county of New York upon an indictment for a felony.

The Code of Civil Procedure (section 2093) provides that a writ of prohibition issued by an Appellate Division can be granted only at a term of the Appellate Division of the judicial department embracing the county wherein the action is triable or the special proceed-

ing is brought, in the course of which the matter sought to be pro-- hibited by the writ originated, unless a term of the Appellate Division of said department is not in session, in which case it may be granted at a term of an Appellate Division in an adjoining judicial department.

The special proceeding sought to be enjoined is that arising upon a writ of habeas corpus issued by Justice Woodward, and it originated and is pending in the county of Kings, which is in the Second Department. The jurisdiction of the Appellate Division in this department is therefore dependent upon the question whether or not a term of the Appellate Division of the Supreme Court for the Second Department was in session when the alternative writ was granted herein.

The petition upon which the alternative writ was granted stated upon information derived from a publication in the New York Law Journal that the Appellate Division in the Second Department was not then in session. Mr. Justice Woodward files a return and states as a matter of fact:

"That at the time the alternative writ of prohibition herein was ordered and issued, to wit, on the 29th day of March, 1912, the Appellate Division of the Supreme Court for the Second Judicial Department was in session."

This statement is confirmed by a stipulation signed and submitted by the district attorney and Mr. Justice Woodward, to the effect that the March term of said Appellate Division had not been closed or adjourned, but was in existence as a term on March 29, 1912; that on March 21, 1912, the court ordered a recess; that on March 29, 1912, the court handed down decisions; that on March 29th five justices of said Appellate Division were present together in the chambers adjoining the courtroom, but did not go upon the bench, although they were at all times in readiness as a court to attend to any application or other court business presented. The jurisdiction of this court depends upon the fact that a "term of the Appellate Division" of the Second Department was not in session on the 29th day of March. It is conceded that the March term of the court had not adjourned; but the court had taken a recess, and the justices of the court were in attendance at the courthouse in "readiness as a court to attend to any application or other court business presented." We think that the "term of the court" was in session, and that this application should have been made to that court.

For this reason, and without expressing an opinion upon any other question which has been argued at the bar, the writ must be dismissed.

LAUGHLIN, J. (concurring). The petition to this court for the writ of prohibition showed presumptively that the Appellate Division in the Second Department, wherein the special proceeding sought to be prohibited originated, was not in session. It is certified in the return of Mr. Justice Woodward that that court was in session. On the issue thus presented, the material facts have been formally stipulated, and it is thus shown that the Appellate Division in the Second Department, on the day when the application was made to this court

for the writ, was in recess; that the court on that day handed down numerous decisions; and that, although the justices did not take the bench in the courtroom, five of the members of the court were at the courthouse in their chambers, adjoining the courtroom, and ready to assemble in court in case of necessity, but they did not take the bench that day. No application was made by the petitioner to the clerk of the court, or to the presiding justice, or to any associate justice, thereof, for a formal session of the court to hear an application for the writ. Section 2093 of the Code of Civil Procedure provides that an alternative writ of prohibition may be granted only by the Appellate Division of the Supreme Court, and further provides as follows:

"Such a writ can be granted only at the term of the Appellate' Division of the judicial department, embracing the county, wherein the action is triable, or the special proceeding is brought, in the course of which the matter, sought to be prohibited by the writ, originated, unless a term of the Appellate Division of said department is not in session; in which case, it may be granted at a term of the Appellate Division in an adjoining department."

This section clearly conferred jurisdiction on the Appellate Division in the First Department to grant the writ, unless on the day when the application was made the Appellate Division in the Second Department was actually in session in the public courtroom, so that an application could have been made thereto as matter of right and not as matter of favor, depending on whether the justices would assemble as a court and grant a hearing. See Comm. v. Gove, 151 Mass. 392, 393, 24 N. E. 211; Standard Dictionary, definition of "Session"; In re Gannon, 69 Cal. 541, 11 Pac. 240. If on these facts the court was in session, then they were in session, not in a public courtroom, but in chambers, where the public had no right, except by favor. That was not a session of the court within the contemplation of the statute. It does not follow, however, that this court should have taken, or should retain, jurisdiction. It now appears that, if an application had been made therefor, the Appellate Division in the Second Department would have convened at once to hear the motion for the writ. In these circumstances, the orderly administration of justice requires that the application should have been made to the Appellate Division in the Second Department. If the learned district attorney had known that he could have had the Appellate Division in the Second Department convened at once to hear the application, he doubtless would have applied there; and, had that been known, this court should not have entertained the application, at least until it appeared that a session of the court in the Second Department could not be obtained. I therefore, on these grounds, concur in the dismissal of the writ.