PEOPLE ex rel. WOODBURY, Atty. Gen., v. HENDRICK, Supreme Court Justice, et al.  (No. 7327.)

(Supreme Court, Appellate Division, First Department.  May 14, 1915.)

1. PROHIBITION ☞5—ADVISORY VERDICTS—INSANITY.
       Prohibition will not lie against the Special Term, in habeas corpus proceedings, from taking the advisory verdict of a jury in determining the sanity of the person in custody.
       [Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 20–30; Dec. Dig. ☞5.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PROHIBITION ⬳10—JURISDICTION.

Prohibition will lie to prevent a court or other tribunal from proceeding without jurisdiction, or in excess of its jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 37–56; Dec. Dig. ⬳10.]

3. PROHIBITION ⬳10—EXTENT OF JURISDICTION.

The excess of jurisdiction for which a writ of prohibition will lie does not relate to the prevention of errors of law or of procedure in an action or proceeding over which the court has jurisdiction, but to a threatened exercise of jurisdiction to make a determination or decision which the court has not acquired, or cannot acquire, jurisdiction to make, although it has general jurisdiction of the action or proceeding.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 37–56; Dec. Dig. ⬳10.]

4. PROHIBITION ⬳3—GROUNDS—OTHER REMEDIES.

A writ of prohibition lies only where the relator has no other remedy, either by appeal, certiorari, suit in equity, or otherwise.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. ⬳3.]

Prohibition by the People of the State of New York, on the relation of Egbert E. Woodbury, Attorney General, against Hon. Peter A. Hendrick, Justice of the Supreme Court. On return of alternative writ. Writ dismissed.

See, also, 152 N. Y. Supp. 771.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert S. Johnstone, Asst. Dist. Atty., of New York City (Leonard J. Obermeier, Dep. Atty. Gen., on the brief), for relator.

John B. Stanchfield, of New York City (Morgan J. O'Brien, of New York City, on the brief), for respondents Smith and Thaw.

LAUGHLIN, J. In the month of January, 1908, the respondent Thaw was duly tried at a term of the Supreme Court in the county of New York, on an indictment for murder in the first degree and was acquitted on the ground of insanity, and thereupon the justice presiding at the trial duly made an order pursuant to the provisions of section 454 of the Code of Criminal Procedure, requiring that Thaw be detained in safe custody and sent to the Matteawan State Hospital, there to be kept until discharged by due course of law. He escaped from the hospital on the 17th day of August, 1913, and was duly extradited from the state of New Hampshire under an indictment for conspiracy with respect to effecting his escape, and was tried on the indictment at a term of the Supreme Court in the county of New York, and acquitted on the 13th day of March, 1915. Thereupon counsel for Thaw moved for an order directing the sheriff to return him to the state of New Hampshire. On the 16th day of March, 1915, that motion was denied, and the court made an order directing the sheriff to deliver Thaw to the proper authorities of the Matteawan State Hospital, or to hold him subject to any order of the Supreme Court, or of a justice thereof, that may have been issued or served upon the sheriff. In the meantime the sheriff had been served with a writ of habeas corpus,

issued by a justice of the Supreme Court, requiring him to produce Thaw at Special Term, Part II, on the 19th day of March, 1915. An appeal was taken to this court from the last-mentioned order, directing the delivery of Thaw to the authorities of the Matteawan State Hospital, and an order was duly made by the presiding justice thereof, requiring that Thaw be committed to and held in custody by the warden of the city prison pending the determination of the appeal and until five days thereafter. The order was affirmed by this court. 152 N. Y. Supp. 771. In the meantime, the habeas corpus proceeding was adjourned from time to time until the 19th day of April, issue having been joined therein by an answer interposed by Thaw to the effect, so far as material to this proceeding, that since his original commitment to the Matteawan State Hospital he had regained sanity and was sane and of sound mind at the time the writ was issued, and demanding his discharge from custody, and by the sheriff setting forth the original commitment to the Matteawan State Hospital and the order directing him to deliver Thaw to the authorities of the Matteawan State Hospital pursuant thereto, and by a traverse to the return. On said 19th day of April, the respondent Peter A. Hendrick, a justice of the Supreme Court, was presiding in Special Term, Part II, in which the habeas corpus proceeding was pending, and an application was there made in behalf of Thaw for an order directing that the issues of fact in the habeas corpus proceeding, particularly with respect to his sanity, be tried by a jury. The court announced that the application was granted, and that a jury would be impaneled to pass upon the issues to aid the conscience of the court in deciding them. Thereupon the relator obtained from this court an alternative writ of prohibition commanding Abel I. Smith, Jr., who was the relator in the habeas corpus proceeding, and Thaw to desist and refrain from proceeding to procure the submission of the issues to a jury, and commanding Justice Hendrick to desist and refrain from submitting the determination of said issues to a jury, and to show cause before this court on the 7th day of May, 1915, why an absolute writ of prohibition should not be issued restraining the submission of said issues to a jury or to any one other than said justice.

[1] The return of the justice shows that it is not his intention to surrender to a jury the jurisdiction devolving on the court to determine the questions of fact, but merely in the first instance to submit a framed issue with respect to Thaw's sanity to a jury, with a view to obtaining their advice and assistance on that question, which he as the justice presiding over the court contemplates ultimately determining without being concluded or bound by the affirmative or negative answer of the jury thereon. Section 93 of the Insanity Law (Cons. Laws, c. 27) provides as follows:

"Habeas Corpus.—Any one in custody as an insane person is entitled to a writ of habeas corpus, upon a proper application made by him or some friend in his behalf. Upon the return of such writ, the fact of his insanity shall be inquired into and determined. The medical history of the patient, as it appears in the casebook, shall be given in evidence, and the superintendent or medical officer in charge of the institution wherein such person is held in custody, and any proper person, shall be sworn touching the mental condition

of such person. Where a second or subsequent application is made for the discharge from custody of the same patient, any party to the proceeding may introduce in evidence any testimony, in relation to the mental condition of such patient, received upon any former hearing or trial, together with all the exhibits introduced in evidence upon such hearing or trial in connection with such testimony without calling the witnesses who gave such testimony, such evidence to have the same force and effect as if such witnesses had been called."

[2-4] The provisions of the Insanity Law quoted, in so far as they confer upon one in custody as an insane person a right to a writ of habeas corpus to determine his sanity at the time of granting the writ, are merely declaratory of a right theretofore existing with respect to such persons, whose detention was only authorized during their insanity. People ex rel. Peabody v. Chanler, 133 App. Div. 159, 117 N. Y. Supp. 322, affirmed 196 N. Y. 525, 89 N. E. 1109, 25 L. R. A. (N. S.) 946. The Legislature, however, did not in the Insanity Law prescribe the procedure on the writ of habeas corpus in such cases, and manifestly that is regulated and governed by the provisions of the Code of Civil Procedure, which, among other things, vest the Supreme Court at Special Term with full and complete authority to entertain and finally determine such proceedings. Code of Civil Procedure, § 2017. The Special Term of the Supreme Court, therefore, over which the respondent Hendrick is presiding, has jurisdiction to determine the question of Thaw's sanity. That is conceded, but it is contended by the relator that the court is threatening to proceed *in excess* of its jurisdiction in calling a jury to its aid. The general rule is that a writ of prohibition will lie to enjoin a court or other tribunal from proceeding *without* jurisdiction or *in excess* of its jurisdiction. People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149; People ex rel. Livingston v. Wyatt, 113 App. Div. 111, 99 N. Y. Supp. 114, affirmed 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972; People ex rel. Jones v. Sherman, 66 App. Div. 231, 72 N. Y. Supp. 718, affirmed 171 N. Y. 684, 64 N. E. 1124; People ex rel. Patrick v. Fitzgerald, 73 App. Div. 339, 76 N. Y. Supp. 865; Appo v. People, 20 N. Y. 531. We are of opinion, however, that the *excess* of jurisdiction, as distinguished from *want* of jurisdiction, for which a writ of prohibition will lie does not relate to the prevention of errors of law or of procedure in an action or proceeding over which the court has jurisdiction, but to a threatened exercise of jurisdiction to make a determination or decision which the court has not acquired, or cannot acquire, jurisdiction to make, although it has general jurisdiction of the action or proceeding, and that the writ only lies where the relator has no other remedy, either by appeal, by writ of certiorari, by suit in equity, or otherwise. People ex rel. Livingston v. Wyatt, supra; People ex rel. Mayor v. Nichols, 79 N. Y. 582; Thomson v. Tracy, 60 N. Y. 31; People ex rel. Patrick v. Fitzgerald, supra. Here the court has jurisdiction and contemplates exercising it, but preliminary thereto it is intended to take the verdict of a jury on a single question of fact which is ordinarily determined by a jury, but which in this case must be determined by the court. If the Special Term calls a jury to its aid,

and it is not authorized so to do, that, I think, falls within the class of errors *in procedure* to prevent which a writ of prohibition will not lie, for there is an adequate remedy by appeal from the final order. Code Civ. Proc. § 2058.

It follows, therefore, that the writ of prohibition will not lie to regulate the procedure of the Special Term in determining the question of Thaw's sanity, and that the respondents are entitled to a final order dismissing the proceeding and authorizing them to proceed in the habeas corpus proceeding as if the alternative writ of prohibition had not been issued. Settle order on notice. All concur.