# COURT OF APPEALS,

## June 18, 1915.

# THE PEOPLE ex rel. EGBURT E. WOODBURY v. PETER A. HENDRICK, AS JUSTICE, et al.

### (215 N. Y. 339.)

HABEAS CORPUS—PROCEEDINGS TO OBTAIN RELEASE OF A RELATOR HELD IN CUSTODY AS AN INSANE CRIMINAL.

Where in habeas corpus proceedings for the release of a relator who is in custody under a valid commitment to a state hospital for insane criminals, the issue presented and to be determined is whether the relator has regained his sanity, and, therefore, is entitled to be released in accordance with the provisions of the Insanity Law, the justice of the Supreme Court, before whom the writ is returnable, may impanel a jury to aid him in deciding such issue, and an application for a writ of prohibition directing such justice to refrain from impaneling a jury should be denied.

(2.) SAME—POWER OF TRIAL JUSTICE TO IMPANEL JURY TO DECIDE ISSUES OR AID HIS CONSCIENCE.

The trial justice is not precluded from calling a jury in such proceeding by the statute (Code Civ. Pro. § 2039) relating to procedure in habeas corpus proceedings, which commands that, issue having been joined by the return of a writ and the traverse of the person detained, "the court or judge must proceed, in a *summary* way, to hear the evidence, produced in support of or against the imprisonment or detention, and to dispose of the prisoner as the justice of the case requires." The command of the statute for a " *summary* " way of procedure means that it shall be prompt and without unreasonable and unnecessary delay, but whether the question of fact should be submitted to the jury for the aid of the court is within the discretion of the justice to be decided by the circumstances of the particular case.

(3.) SAME.

Even upon the assumption that a justice has no authority to impanel a jury to aid him in determining the sanity of a relator in a habeas corpus proceeding, the party aggrieved may have his action reviewed upon appeal, the same as if erroneous rulings had been made in the reception or rejection of evidence or in respect to other matters more commonly occurring on trial, and hence a writ of prohibition should not be granted.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1915, which dismissed an application for a writ of prohibition directed especially to the defendant Hendrick commanding him to refrain from impaneling a jury in habeas corpus proceedings returnable before him at Special Term.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (Alfred L. Becker, Leonard J. Obermeier* and *Robert S. Johnstone* of counsel) for appellant.

The writ of prohibition lies. It is the only remedy or at least the only adequate remedy. (People ex rel. Livingston v. Wyatt, 186 N. Y. 383; People ex rel. Hummel v. Trial Term, 184 N. Y. 30; People ex rel, Ballin v. Smith, 184 N. Y. 96; People ex rel. Duryee v. Duryee, 188 N. Y. 440; People ex rel. Keator v. Moss, 6 App. Div. 414; N. Y., L. & W. Ry. Co. v. Erie R. R. Co., 170 N. Y. 448; Bryant v. Thompson, 128 N. Y. 426; Van Marter v. Hotchkiss, 4 Abb. Ct. App. Dec. 484; Honegger v. Wetstein, 94 N. Y. 252; McCall v. Moschowitz, 10 Civ. Pro. Rep. 107; Roslyn Heights L. & I. Co. v. Burrowes, 22 App. Div. 540.) The Special Term is without power to impanel a jury in a habeas corpus proceeding. (Code Civ. Pro. § 2039; Orr v. Miller; 98 Ind. 436; Baker v. Gordon, 23 Ind. 204; State v. Farlee, 1 N. J. L. 41; State v. Beaver, 1 N. J. L. 80; Garner v. Gordon, 41 Ind. 92; Sumner v. Sumner, 117 Ga. 229; McGlennan v. Margowski, 90 Ind. 150; Joab v. Sheets, 99 Ind. 328; *Ex parte* Mosby, 31 Tex. 566; Matter of Leggatt, 162 N. Y. 437; People v. Glen, 173 N. Y. 395.) The court has no inherent or statutory power to order a jury trial. (McQuigan v. D., L. & W. R. R. Co., 129 N. Y. 50; Code Civ. Pro. § 823; Brinkley v. Brinkely, 56 N. Y. 192; People ex rel. Keator v. Moss, 6 App. Div. 414; Phillips v. Gorham, 17 N. Y. 270;

Hahl v. Sugo, 169 N. Y. 109; Sadlier v. City of New York, 185 N. Y. 404.)

*John B. Stanchfield* and *Morgan J. O'Brien* for respondents.

Assuming that the decision of Mr. Justice HENDRICK is erroneous, the writ of prohibition was properly denied, because the assumed erroneous ruling and the proposed conduct of the hearing in conformity therewith involve no question of jurisdiction. (People ex rel. Patrick v. Fitzgerald, 73 App. Div. 339; People ex rel. Livingston v. Wyatt, 113 App. Div. 111; Thomson v. Tracy, 60 N. Y. 31; People ex rel. Jones v. Sherman, 66 App. Div. 231; People ex rel. Bender v. Millikin, 185 N. Y. .35; People ex rel. Smith v. Doyle, 28 Misc. Rep. 411; People ex rel. Oakley v. Pettey, 32 Hun, 443; People ex rel. Cook v. Parker, 63 How. Pr. 3; Learned v. Tillotson, 99 N. Y. 1; McClave v. Gibb, 157 N. Y. 413.) Even assuming that the decision of Mr. Justice HENDRICK is erroneous, and that it involves an unlawful excess of jurisdiction, a writ of prohibition cannot lie, because the assumed error of law in exceeding the jurisdiction of the court can be corrected by appeal. (People v. Burns, 77 Hun, 296; 143 N. Y. 665; People ex rel. Peabody v. Chanler, 133 App. Div. 159; 196 N. Y. 525; People ex rel. Morrell v. Dold, 119 App. Div. 888; 189 N. Y. 546; People ex rel. Whitman v. Woodward, 150 App. Div. 180; People ex rel. Ballin v. Smith, 184 N. Y. 96; People ex rel. James v. Surrogate's Court, 36 Hun, 218; People ex rel. Hummel v. Trial Term, 184 N. Y. 30.) It was entirely proper and within the power and discretion of the court at Special Term to frame the question arising upon the issues in the habeas corpus proceeding as to the sanity of Harry K. Thaw, and to direct the submission thereof to a jury. The decision of Mr. Justice HENDRICK was therefore in all respects in accordance with the law. (McClave v. Gibb, 157 N. Y. 413; People ex rel.

Morrell v. Dold, 189 N. Y. 556; Sporza v. German Savings Bank, 192 N. Y. 8; Matter of Dixon, 11 Abb. [N. C.] 118; Church on Habeas Corpus [2d ed.], § 173; Graham v. Graham, 1 S. & R. 330; Republica v. Goaler, 2 Yeates [Penn.], 258; Matter of Prime, 1 Barb. 340; Minnesota v. Brundage, 180 U. S. 499; Storti v. Massachusetts, 183 U. S. 138.)

HISCOCK, J.:

This proceeding was instituted for the purpose of prohibiting the defendant, Peter A. Hendrick, a justice of the Supreme Court, from seeking in habeas corpus proceedings pending before him at Special Term the aid of a jury in determining the question of the defendant Thaw's sanity.

The appeal presents for the consideration of the court another chapter in the long history of the attempts of the defendant Thaw to regain the freedom of which he was deprived as the result of his alleged murder of Stanford White in 1906. It is unnecessary to review all of these, and reference will only be made to such matters as are connected with or lead up to the present proceeding.

The defendant now is and at all the times involved in this discussion was in custody under and by reason of a valid commitment of him       the Matteawan State Hospital as an insane person following his acquittal of the charge of murdering White, on the ground that he was insane at the time of the homicide. In March, 1915, while he was in the city prison in the city of New York, awaiting delivery to the authorities of the state hospital after trial upon a charge of conspiracy to escape from said hospital, a writ of habeas corpus in his behalf was sued out directed to the warden of said prison and the sheriff of the county, and the hearing upon which writ was finally adjourned to a Special Term held by Mr. Justice HENDRICK. By the returns to the writ and by the answer thereto filed by or in behalf of Thaw the issue of fact was presented whether he had

regained his sanity and was, therefore, entitled to be released from custody in accordance with the provisions of the Insanity Law.

At that stage in the proceedings an application was made in behalf of Thaw that a jury be impaneled for the purpose of passing on this issue of sanity, and after proper deliberation Mr. Justice HENDRICK announced that he would grant the application and would " impanel a jury to decide the issues or to aid his conscience in deciding them by its advice and assistance." Then this proceeding was instituted as already stated to restrain such resort in said habeas corpus proceedings to a trial before a jury of said issue of Thaw's sanity.

Upon the petition and return thereto it is plain that Mr. Justice HENDRICK does not by calling a jury intend at all to evade the burden and responsibility of ultimately deciding the issue which has been raised, but simply intends to take the verdict of such jury by way of advice and aid in making such ultimate decision, and, therefore, the question is presented whether a justice before whom such a proceeding is pending has the power in his discretion thus to call to his aid a jury, it being admitted that the relator in the habeas corpus proceedings is not entitled as matter of right to a jury trial. In addition, the question is presented whether the determination of the justice to thus call a jury, even if erroneous, furnishes the necessary basis for the issue of a writ of prohibition. These question will be considered in the order stated.

Two reasons are assigned by the appellant for the assertion that it will be improper to call a jury as is proposed. The first of these is drawn from section 2039, Code of Civil Procedure, relating to procedure in habeas corpus proceedings, and which commands that issue having been joined by the return of a writ and the traverse or answer of the person detained, " Thereupon the court or judge must proceed, in a *summary* way, to hear the evidence, produced in support of or against the imprisonment or detention, and to dispose of the prisoner as the justice of the case requires."

Assuming, for the purposes of the discussion, that these provisions of the Code govern a habeas corpus proceeding instituted as is the one in question under section 93 of the Insanity Law, and assuming, also, that the public as well as the person detained is interested in the prompt decision of a habeas corpus proceeding and, therefore, is entitled to insist upon obedience to the requirement for a " summary " disposition, I still think that such condition imposed upon the proceedings is not necessarily a bar to a discretionary right to seek the aid of a jury as is planned in the proceeding submitted to our consideration. The command of the statute is for a " summary " way of procedure. That means that it shall be prompt and without unreasonable and unnecessary delay. Having in mind ordinary legal procedure it doubtless means that there shall be no long adjournments, that such a proceeding shall not be placed on a calendar where it would not be reached in some time, that it shall have precedence over other matters. But of course some discretion must be left to the court or judge as to the time and mode of hearing even such a proceeding. (*Ex parte* Royall, 117 U. S. 241; Minnesota v. Brundage, 180 U. S. 499.)

The question whether the submission of an issue of fact to a jury for the aid of the court would result in a violation of the statute is one which might easily be decided by the circumstances of the particular case. If a jury could be promptly secured, it is not apparent that any substantial delay would be occasioned by calling one. If one could not be thus obtained, it might result in reprehensible and forbidden delay. It is not to be assumed that a justice would order such a jury when such course might lead to a violation of the statute, and there is no suggestion that recourse to a jury in the city of New York in the case before us will be productive of delay.

While it has been assumed that the public, as well as the person who is detained, has an interest in obedience to the " summary way " clause of the statute, still the great struggle always

has been to secure to the applicant for the writ the protection
and benefit of a prompt hearing. This is sufficiently evidenced
by section 2020 of the Code of Civil Procedure, which inflicts
upon a court or judge authorized to grant such a writ a penalty
for delay in acting. Therefore, it is a feature of importance in
this case, as it easily might be in others, that the application for
a hearing by a jury is made by the person who is detained, and,
consequently, the party especially protected against delay is
not complaining of the possibility of its occurrence.

None of the authorities cited by appellant's counsel seem to
sustain his proposition that the language of the Code, expressly
or by fair implication, prohibits under all circumstances the
advisory employment of a jury as is now proposed. I think
that they simply sustain the proposition that the issues are to
be decided by the court or judge proceeding in a summary or
prompt manner and that neither party is entitled as matter of
right to have the issues tried before a jury, and which as we
know not only might but frequently would result in delay. The
distinction between a proceeding to be decided by a judge in a
summary manner and one of which the issues are to be tried as
matter of right at a jury term, does not, in my opinion, sustain
the conclusion that a disposition will necessarily be prevented
from being summary because a judge who is hearing the evidence
upon an issue of fact calls to him a jury to hear the same
evidence, and thereafter for his aid takes its judgment by way
of verdict upon the issue which has thus been tried.

In the second place it is argued that the court lacked the
inherent power to call to its aid a jury in determining the issue
of fact presented to it. If I have been correct in drawing the
conclusion that the summary provision of section 2039 of the
Code does not forbid it, there is no statute which prevents the
exercise of the power and there is no express authority which,
in my opinion, denies its existence. The proposition of appel-
lant is based on general argument. It is said that the writ of

habeas corpus is an inheritance from the Court of King's Bench and not from the Court of Chancery, and that, therefore, the conceded practice and power of chancery to call a jury to aid the conscience of the court are not applicable. In view of what must be regarded as authorities adverse to this contention of appellant it may be answered briefly.

While the writ of habeas corpus was a common-law prerogative writ, the Court of Chancery in England had power to issue it. (People ex rel Keator v. Moss, 6 App. Div. 414; Matter of Belson, 7 Moore's Privy Council Cases [1849–51], 114; People ex rel. Barry v. Mercein, 8 Paige's Ch. 46, 55.) Upon the organization of the state government our courts succeeded to the powers theretofore exercised by the courts of law and chancery in England so far as they were applicable to our situation. (McQuigan v. D., L. & W. R. R. Co., 129 N. Y. 50, 53.) And in the administration of this writ, even though it be regarded as strictly derived from the common law, the courts have authorized the assimilation and application of the chancery practice of calling a jury to aid the court in its decision of a question of fact.

Church in his work on Habeas Corpus (2d edition, § 173) says: " A trial by jury cannot be demanded by a prisoner or respondent in a habeas corpus proceeding as a matter of right. * * * But the court or judge sitting on the return to a writ of habeas corpus may, in its discretion, order any controverted fact in the matter to be tried by a jury."

Matter of Dixon (11 Abb. New Cases, 118, 119) involved the disposition of a writ of habeas corpus issued to procure the discharge of a person confined in an insane asylum on the ground that he had become sane. It was held that the writ was an appropriate means of relief, and it was written by Judge POTTER: " Has the insanity ceased? That is alleged and denied in the papers before the court, and I am unwilling to decide that question upon the evidence before me. That question should be tried

by a jury, or the court should be furnished with more evidence through a reference." He did then add: "While the latter course is in some respects objectionable, it is more clearly within the power of the court, and more practicable than the former," and a reference was ordered. There seems to be no doubt that if a reference could be ordered it might have been ordred that the advisory verdict of a jury might be taken.

People v. Burns (77 Hun, 92, 95) involved the consideration of a proceeding instituted by writ of habeas corpus, by which was presented the issue of fact whether a convict who had been pardoned on a certain condition had so violated the condition that he should be returned to custody. On the return of the writ it was held that the defendant could not be seized and recommitted without a hearing and he was discharged, but at the same time an order was granted requiring him to show cause why he should not be recommitted and in the mean time he was delivered into custody to be held until discharged according to law or remanded to prison, and the court with the aid of a jury then proceeded to try the question of fact which had been presented by the traverse of the return to the writ of habeas corpus whether the defendant had violated the condition of his pardon. The court at General Term held this procedure was proper, saying: "He [the defendant] was before the court on a writ of habeas corpus granted on his own application, and he thereby submitted to the court the whole question of his right to a discharge or his liability to a recommitment. * * * The only question of fact was of a violation of the condition mentioned. In determining that question the court, though possibly not required to do so, might at least with great propriety take the verdict of a jury drawn, as was done, from the panel of jurors summoned and in attendance at the term."

This decision was affirmed by this court on the opinion below (143 N. Y. 665). It is said that it is not an authority for procedure upon a writ of habeas corpus because the hearing

finally proceeded upon an order to show cause.  I think, how-
ever, that this is too narrow a view.  As stated in the opinion,
the court acquired jurisdiction through a writ of habeas corpus,
whereby the defendant " submitted to the court the whole ques-
tion of his right to a discharge or his liability to a recommit-
ment."  Moreover, if the court had the power in a proceeding
based, as said by appellant, upon an order to show cause to call
a jury for the purpose of determining the issue of fact, it would
seem as though it must have that power in an habeas corpus
proceeding.

In People ex rel. Morrell v. Dold (189 N. Y. 546) it ap-
peared that a writ of habeas corpus had been sued out to
procure the release from confinement of relator as an insane
person on the ground that he had been committed without
notice.  The defendant made return alleging that relator was
insane when committed and still continued so.  The relator
interposed a traverse to this return and thereupon the defendant
asked that a jury be impaneled to try the question of relator's
present sanity.  This the relator opposed, declining to submit
to a trial by jury, and thereupon the traverse was overruled,
the writ dismissed and the relator remanded to custody.  This
disposition was upheld by this court, and it seems to me that this
decision involved and affirmed the right of the court to call a
jury on the return of a wrt of habeas for the purpose of deter-
mining the issue of the relator's sanity.  Necessarily the court
held that if the relator was still insane he was not entitled to
be released.  Of course he was entitled to have this question of
his sanity determined and the only method by which it was
proposed to do this was by the aid of a jury.

The case of People ex rel. Peabody v. Chanler (133 App. Div.
159) arose upon a writ of habeas corpus to secure the release
of the present person, Thaw, on the ground that he had re-
gained his sanity.  The same issue of fact was presented there
as here.  It was contended in his behalf that he was entitled as

matter of right to a jury trial, and also that the court might in its discretion call in a jury. It was held at the Special Term that there was no absolute right to a jury trial; that the court in its discretion might submit the issue to a jury, but that the facts then presented did not warrant the exercise of this discretion.

On appeal to the Appellate Division an opinion was written by Mr. Justice RICH in which it was said: " Three questions are presented for our consideration and determination. * * * *Third*. Did the Special Term err in denying the relator's motion for a trial by jury, either as matter of right or discretion? * * * I am unable to find any authority under which Thaw was entitled to have the question of fact as to his sanity or insanity tried by the jury as a matter of right; the discretion of the learned justice at Special Term was properly exercised." (pp. 167, 174.) The decision of the Appellate Division was affirmed in this court on the opinion of Mr. Justice RICH. in connection with that of Mr. Justice JENKS. (196 N. Y. 525.) While the denial of a jury trial as matter of discretion did not present any question which survived in this court, still we think that the affirmance of the decision below expressly on an opinion which as part of its reasoning and conclusions asserted this discretionary power of the court to call a jury can fairly be cited as an approval of such reasoning and conclusions.

If I am right in my conclusion that Mr. Justice HENDRICK had the discretionary right to call to his aid a jury it is of course unnecessary to pass upon the second question whether a writ of prohibition should be issued to prevent such a procedure if erroneous. But even if I were wrong in the conclusion thus reached so that the second question were material, it would, in my opinion, be our duty to answer it in the negative and uphold the decision which has been made denying such writ, and the reasons for such view may be stated very briefly.

If there was no power to impanel a jury for the purpose of

informing and aiding the court, this step would be one of irregular procedure which of itself led to no ultimate result and settled no rights. It would become important only when the verdict was placed before the judge and he made the final decision of the issue submitted to him in accordance therewith. The admission or reception by the judge of such verdict would furnish the opportunity for proper objection, and if his subsequent action was such that it could be maintained that he had been erroneously influenced thereby, there would be opportunity for review of his action on appeal by the party aggrieved, the same as if erroneous rulings had been made in the reception or rejection of evidence or in respect of other matters more commonly occurring on a trial. If it be the case that the party aggrieved could secure proper relief on appeal, it is well settled that a writ of prohibition should not be granted. (Code Civil Proc., section 2058; People ex rel. Ballin v. Smith, 184 N. Y. 96; People ex rel. Livingston v. Wyatt, 186 N. Y. 383; 20 N. Y. Crim. 394; People ex rel. Whitman v. Woodward, 150 App. Div. 180.)

It is urged that even though the error of calling a jury could be corrected on appeal still this would not afford relief for the delay and injury already caused, but this argument does not convince us. As has been sufficiently stated, it is not to be assumed that a judge will violate the provisions of the statute by ordering a jury where such step will cause delay, and even if it should be otherwise, the efficacy of the right to appeal is not to be doubted because the necessity for correcting error in that manner may result in delay before rights are finally established.

In accordance with these views the order appealed from should be affirmed.

CHASE, CUDDEBACK, HOGAN, MILLER and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., takes no part.

Order affirmed.