*200 MEMORANDUM
ADKINS, J.
In this case at petitioner’s request a jury was impaneled to inquire into petitioner’s sanity. The verdict of such a jury is advisory merely. People ex rel v. Hendrick, 215 N. Y. 339. The jury reported they were unable to agree and were discharged. Therefore I proceed without the assistance of their verdict.
Upon all of the evidence I find that petitioner is now of unsound mind.
Petitioner was a Chief Petty Officer in the Navy when by direction of the Secretary of the Navy on November 3, 1933, he was received in Saint Elizabeth’s Hospital, where' he has since been held in the custody of respondent. The order of the Secretary was made under section 4843 R.S.U.S., now section 191, Title 24, U. S. Code.
On October 17, 1934, petitioner was retired to the Fleet Naval Reserve.
Section 755, Title 34, U. S. Code Ann. provides that enlisted men “transferred to the Fleet Naval Reserve from the regular Navy in accordance with law shall at all times be governed by the laws and regulations for the government of the Navy.”
Section 751 provides that the Naval Reserve shall be a component part of the United States Navy.
In White v. Treibly, 57 App. D. C. 238, the Court of Appeals held that a retired naval officer who was insane was subject to confinement by order of the Secretary of the Navy in Saint Elizabeth’s Hospital.
In my judgment that decision is controlling in this case.
Therefore the writ of habeas corpus will be discharged and the petitioner remanded to the custody of the respondent.