The People of the State of New York ex rel. Bartholomew Dominick Flannery, Relator, v. Harry J. Worthing, as Superintendent of Pilgrim State Hospital, Defendant.

Supreme Court, Special Term, Suffolk County, October 30, 1941.

*Goodman & Blumberg*, for the relator.

*John J. Bennett, Jr., Attorney-General [John B. Golden, Assistant Attorney-General*, of counsel], for the defendant.

Daly, J. On July 22, 1940, the relator was committed to the Pilgrim State Hospital upon the application of his wife because of excessive alcoholism. He was paroled on September 22, 1940, and returned on January 8, 1941. He is still there.

He has now instituted this habeas corpus proceeding to test the legality of his detention, on the ground that he is now sane. (Mental Hygiene Law, § 204.) Upon the request of his attorneys a jury was impaneled, which rendered a unanimous verdict declaring the relator to be sane. The Assistant Attorney-General, who represented the Department of Mental Hygiene at the trial, moved to set aside the jury's verdict on the ground that it was contrary to law and to the facts. Decision upon said motion was reserved. Thereafter, by notice of motion dated October 21, 1941, relator moved for an order confirming the verdict of the jury and directing his immediate release from the Pilgrim State Hospital.

The relator's attorneys urge that the verdict of the jury is conclusive and that he is, as a matter of law, entitled to be released.

The Assistant Attorney-General contends that the jury's verdict is against the weight of evidence and that the relator should be detained at the hospital for further treatment, inasmuch as he is insane and will be a danger to the community as well as to his family if released.

While there is language in *Hoff* v. *State of New York* (279 N. Y. 490, 494) which tends to support the relator's contention as to the conclusiveness of the jury's verdict in a proceeding of this character, that question was not there involved or determined. Whether the court has power to impanel a jury in a habeas corpus proceeding for the release of a person in custody under a valid commitment to a State hospital for insane criminals, and the conclusiveness of such a verdict, was considered by Mr. Justice HENDRICK in *People ex rel. Thaw* v. *Grifenhagen* (154 N. Y. Supp. 965, not otherwise reported). There a writ of habeas corpus was sued out in behalf of the relator to determine whether he had regained his sanity and was, therefore, entitled to be released from custody in accordance with the provisions of the Insanity Law. Upon the return of the writ the relator moved for trial by jury on the question of his sanity. The motion was granted, the court stating (p. 974): " In any event, the finding of the jury is not binding on the court, and if, after the verdict of the jury, the court is not satisfied that its finding is in accordance with the evidence and with justice, the court may disregard the same and render its own decision as if a jury had not been invoked." Thereupon the Attorney-General of the State of New York instituted a proceeding to prohibit Mr. Justice HENDRICK from seeking, in the habeas corpus proceeding pending before him, the aid of a jury in determining the question of the relator's sanity. The Appellate Division dismissed the proceeding (168 App. Div. 553). The Court of Appeals affirmed, stating that there was nothing in the applicable statutes prohibiting " the *advisory* employment of a jury " (p. 345, italics supplied), and whether the question of fact should be submitted to the jury for the aid of the court is within the discretion of the justice, to be determined by the circumstances of the particular case. (*People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339.)

The rule generally as to the effect of an advisory verdict is succinctly stated in *McClave* v. *Gibb* (157 N. Y. 413, 420) as follows: " Where a party is entitled by the Constitution, or by express provisions of law, to a trial by jury, of one or more issues of fact, the finding of the jury is conclusive in the action, unless the verdict is set aside or a new trial is granted; but where the party is not entitled, as of right, to a trial by jury, the verdict is not conclusive upon the parties and the trial court may adopt it, modify it or disregard it and find the facts anew. In the latter class of cases

the verdict is treated as an aid to the court to inform its conscience, but it is in no wise bound thereby, for the responsibility of determining the facts rests upon the trial judge, * * *." (See, also, 10 Carmody's N. Y. Practice, § 161, p. 156, and the cases cited thereunder.)

Under all the circumstances presented herein, and upon a careful consideration of the evidence adduced at the trial, the court is satisfied that the unanimous verdict of the jury is in accordance with the evidence and should be adopted. This is not a case where it is necessary to pit the opinion of the jury that relator was sane against expert testimony to the contrary, as was the situation in *People ex rel. Benson* v. *Burdick* (215 App. Div. 163). There it was held that the finding of a jury, approved by a court, that a prisoner in a State hospital had regained sanity, was insufficient to overcome the unanimous expert opinion adduced by the People that he was insane. Here, a well-qualified psychiatrist of the Pilgrim State Hospital testified for the Department of Mental Hygiene, and an equally well-qualified psychiatrist testified for the relator. Their testimony was in substantial, agreement as to the nature and character of relator's affliction. The former, however, was of the opinion that relator had not been sufficiently cured of an alcoholic psychosis, whereas the latter testified that relator was cured and now fully realizes that he will get into trouble if he again indulges in excessive alcoholism. The court and jury observed and heard the relator during the trial; he appeared rational in all respects, and gave the impression that he was completely aware of his situation and was determined to so conduct himself as to give no further trouble.

Moreover, it seems to the court that the relator will now have a real chance for rehabilitation. When he was originally paroled, after only two months in the hospital, he was unemployed. Now, more than nine months have elapsed since his return to the hospital, and employment in an occupation in which he is expert is assured. Relator will be under the strict supervision of his friend, one Alex Karp, with whom he will live and work in a rural community at a reasonable salary. A substantial part of this salary will be sent directly to his wife towards the support of his large family. Mr. Karp took the stand and testified that he would watch closely the conduct and actions of the relator and, if he should resume drinking, he would be turned over to the police.

In the light of the foregoing views the motion to set aside the jury's verdict is denied with an appropriate exception, and that to confirm and adopt the verdict of the jury and release relator from detention into the custody of Mr. Alex Karp, is granted.

Proceed on notice.