872

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDOLPH POWERS, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Appeal from an order of the Supreme Court, Clinton County, dismissing relator's petition for a writ of habeas corpus after a hearing. On March 26, 1952 relator convicted of robbery, first degree, was sentenced to a term of from 10 to 20 years and remanded to the Elmira Reception Center. As a result of a psychiatric examination at the reception center, relator was transferred to Dannemora State Hospital. Subsequently he was returned from Dannemora to the reception center and assigned to Auburn Prison. In January of 1961, approximately nine months after relator arrived at Auburn, relator was returned to Dannemora in accordance with the provisions of section 383 of the Correction Law. In December of 1960 relator had applied to the Cayuga County Court for a writ of habeas corpus alleging he had been convicted without the required compliance with sections 433, 435 of the Code of Criminal Procedure and a hearing was set for January 31, 1961. When relator was sent to Dannemora this writ was vacated. In February, 1961 relator made application to the Clinton County Court for a writ of habeas corpus again challenging his conviction. On April 11, 1961 a hearing was held and the writ dismissed. On May 31, 1961 relator applied to the Clinton County Court alleging that his transfer to Dannemora was improper, that he had a right to a jury trial on the question of insanity and that his conviction was obtained in violation of his constitutional rights. On June 9, 1961 a hearing was held in Supreme Court, Clinton County. When relator refused to submit to examination by a court-appointed psychiatrist, this hearing was adjourned to November 17, 1961 to allow relator time to assemble proof of his sanity. At the hearing on November 17 relator was unable to introduce any evidence indicating his sanity and persisted in his refusal to submit to examination by a court-appointed psychiatrist. On November 24, 1961 the order appealed from dismissing the writ was rendered. We concur with the court below that any questions raised here by relator as to the validity of his conviction cannot be reviewed by habeas corpus. Since relator was afforded a hearing the requirements of *People ex rel. Brown* v. *Johnston* (9 N Y 2d 482) have been met. Relator is not entitled as a matter of right to a trial by jury on the question of his sanity (*People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339; *People ex rel. Peabody* v. *Chanler*, 133 App. Div. 159) and on the record here involved we find no improper exercise of discretion by the court below refusing to grant a jury trial on this issue. In addition we do not find the procedures here involved violative of relator's constitutional guarantees. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD HUGH ROGERS, Appellant.— Order unanimously affirmed. No opinion. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN CHURCH, Appellant.— Order unanimously affirmed. No opinion. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.