Chief Judge Desmond.
We granted relator leave to appeal from a unanimous no-opinion order of Appellate Division, Third Department, affirming a dismissal of relator’s habeas corpus proceeding after a hearing. The order appealed from remanded relator to custody in the Dannemora State Hospital where he has been since 1941. In April, 1941 he escaped from a Connecticut hospital for the insane and two weeks after the escape was arrested in this State for the alleged theft of an automobile. On his trial for that larceny in Orange County Court he pleaded insanity but was convicted and in June, 1941 was sentenced to from three to six years in prison. Admitted to Sing Sing Prison in August, 1941 on that judgment of conviction he was, only a few days later, transferred to Dannemora State Hospital and has been there ever since.
The maximum term of his sentence to Sing Sing expired on May 15, 1947, and he would then have been entitled to release except that he was a patient in the mental hospital which is maintained by the State on the grounds of Dannemora Prison. Section 384 of the Correction Law, as it then was, required that at the expiration of a prison term of a prisoner confined in *69 Dannemora State Hospital the Superintendent thereof, if in his opinion the prisoner continued to be insane, apply to a judge to cause an examination to be made of the confined person by two qualified examiners designated by the judge. Such examiners, if satisfied after personal examination that the person continued to be insane, would make an appropriate certificate after which the Superintendent of Dannemora State Hospital was required to apply to a judge who, if satisfied of the fact, would issue an order of retention pursuant to which the person would be retained at Dannemora State Hospital until discharged by law.
Section 384, as it then was and as it now is, contains no specific provision for notice to the allegedly insane person of these proceedings but apparently it has been construed as requiring such notice (see Troutman v. State of New York, 273 App. Div. 619, and People ex rel. Morriale v. Branham, 291 N. Y. 312; cf. Matter of Coates, 9 N Y 2d 242, app. dsmd. 368 U. S. 34, and People ex rel. Stock v. Terrence, 11 N Y 2d 362).
It is now conceded that on May 20, 1947 there was served on relator personal notice of the hearing in the Clinton County Court which resulted in the making on March 27, 1948 of the order directing that relator be adjudged insane and retained in Dannemora State Hospital. The explanation for this long delay is (according to a statement made by the Superintendent of Dannemora State Hospital from the hospital records) that there were a series of adjournments of the court hearings, some of them at the request of relator. Relator appeared at those hearings without counsel and questioned several expert witnesses some of whom were called by the court at relator’s request. The hearings were closed on March 22, 1948 and five days later County Judge 0 ’Connell, made his order declaring relator insane and ordering his retention. The whole of the evidence taken in habeas corpus is before us and consists of testimony by a physician who is the Assistant Director of Dannemora State Hospital and has been such since before 1947. He testified that he had examined relator and the hospital records and that relator was still psychotic. At this hearing relator asked the court to supply an interpreter but this was refused. This, it seems, was discretionary because many documents in this file show that relator was familiar with the English language and at the hearing, as the Judge commented, he talked English pretty well. *70 Relator refused to act on the suggestion that he cross-examine the physician.
This present habeas corpus proceeding was commenced on July 28,1959 and the petition prepared by relator himself alleges that his retention at Dannemora State Hospital after May 15, 1947 was illegal. A considerable quantity of original papers has been handed up to us containing much vague argumentation by relator and much irrelevant material. However, in this court relator was competently represented by an attorney assigned by us. Relator’s assigned counsel argues as a first point that the return filed against the writ by the State authorities is inadequate under subdivision 2 of section 1245 of the Civil Practice Act in that (apparently by error) it has attached to it not a copy of the order of retention under which relator has been held since 1947 but a copy of his original judgment of conviction. On this point appellant is technically correct but nothing need be done about the error since all sides concede that the order of retention, a copy of which is attached to the State’s brief, was made and entered in the Clinton County Court.
Relator’s Point II as to alleged failure to give him notice of the proceedings which lead to the retention order was expressly withdrawn by counsel during the argument in our court. Counsel is now satisfied that such notice was in fact given.
In relator’s two other points he argues that he was deprived of constitutional rights in that he was not, at the time of the expiration of his criminal sentence, given a jury trial on the issue of sanity. As to the jury trial, relator’s principal reliance is on the famous case of Sporza v. German Sav. Bank (192 N. Y. 8). The controlling case, however, seems to be People ex rel. Woodbury v. Hendrick (215 N. Y. 339) which held many years ago that in habeas corpus proceedings for the release of a person in custody in a State hospital for insane criminals there ;s no constitutional right to a jury trial even as to a person who had been acquitted of the crime on his defense of insanity. Recently the Woodbury case was followed in People ex rel. Powers v. Johnston (17 AD 2d 872) as to which we denied leave to appeal (12 N Y 2d 644). In People ex rel. Brown v. Johnston (9 N Y 2d 482) we held that the remedy of a person confined in a hospital for the insane at a penal institution was by habeas corpus and, of course, there never has been a right to a jury trial *71 in a habeas corpus proceeding brought to challenge the continued detention of a person as being insane. There may appear to be some unfairness or injustice about this since it may mean that without a jury determination a person may be confined in a mental institution connected with a State prison for many years after his criminal sentence has ended. However, we find no authority for a holding that a jury trial is a constitutional requisite. The jury trial requirement enforced in Matter of Coates (9 N Y 2d 242, supra) is statutory. Appellant’s arguments as to lack of due process are really based on a contention (now withdrawn) that he got no notice of the application of the order of retention in 1948. His remedy is the same as that of any other person who claims that he is no longer insane — that is, by habeas corpus (see People ex rel. Stock v. Terrence, 11 NY 2d 362, 365, supra).
Although no particular point is made of it, the record shows that relator did not demand a jury trial in the County Court of Clinton County.
Relator’s other argument is that it is a denial of equal protection of the laws to keep him in a mental hospital established and run as a “ prison hospital” since he is no longer serving a prison sentence. Relator points out that under section 375 et seep of the Correction Law the only insane persons committed to Dannemora State Hospital are those who are serving prison sentences, while under sections 70 to 74 of the Mental Hygiene Law other allegedly insane persons are referred to other State hospitals. Again, this may seem unfair and discriminatory but no legal right is involved. It is reasonable that persons who are actually serving prison sentences but are found to be insane should be in mental hospitals separate from the noncriminal insane and there probably is a rational basis for saying that even after such persons finish their sentences they may be kept in a separate mental hospital. The State maintains a large number of mental hospitals and it is up to the Legislature to decide what type of patients are to be confined in each.
Relator, it would seem, never asked for an assignment of counsel until the appeal to this court. He does not now assert that he was prejudiced at any point by lack of counsel.
The order should be affirmed.