OPINION OF THE COURT
Memorandum.
Order of the Appellate Division affirmed, without costs. Although the time limit for challenges to involuntary commitment to a mental hospital does not begin to run until there has been "actual personal service of notice” on the patient, that rule was established in and is applicable to cases in which the patient seeks to prove that he is not, in fact, mentally ill or in need of commitment (see Matter of Coates, 9 NY2d 242, 252, app dsmd 368 US 34; cf. People ex rel. Stock v *960 Terrence, 11 NY2d 362, app dsmd 371 US 206). Plaintiff, committed 25 years ago and released 23 Vi years ago, is no longer certified as mentally ill. Retrospective evaluation of his mental state 25 years ago would be difficult if not impossible. In addition, plaintiff can point to no concrete, as opposed to theoretical, disadvantages he now suffers as a result of his earlier commitment. And, while there may be incidental disabilities created under Federal law, in this State deprivation of rights by reason of receipt of services for a mental disability is now forbidden by statute (Mental Hygiene Law, § 33.01). Nothing the courts can do will change the fact that plaintiff was indeed treated for mental illness, whether the ground for such treatment was present or not. That burden is one he must always suffer even if his commitment was, in fact, tainted by procedural or substantive defects.
As for plaintiff’s additional prayer for relief, expungement of records generally is a matter of legislative concern, and no statute provides for the expungement sought (see Matter of Richard S. v City of New York, 32 NY2d 592, 595-596; cf. Matter of Molineux v Collins, 177 NY 395, 398-399). Instead, the Legislature has provided for sealing of records to protect patients from undue publication of certification and commitment (Mental Hygiene Law, § 15.31, subd [f|). Nor may statute or rule of law undo an event as if it had never occurred, whatever might be provided with respect to the expungement, destruction, or sealing of records of events. There are some consequences of wrongs, if that there were, which are irreversible.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.